UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS K. HARRIS,

        Plaintiff,                            Hon. Paul L. Maloney

v.                                          Case No. 1:16-cv-01345-PLM-PJG

JUVENILE COURT SAINT PAUL
MINNESOTA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter *pro se* on November 18, 2016, against the St. Paul, Minnesota, Juvenile Court and the Minnesota Child Protection Services (CPS). (ECF No. 1). Plaintiff complains that his Fourth and Fifth Amendment rights were violated during the process of CPS' removal of his child from a Minnesota hospital, and that he was denied a fair trial by the Juvenile Court. Plaintiff appears to be a resident of Milwaukee, Wisconsin. (*See* ECF No. 1, Page 2, 3). The defendants are Minnesota entities. There appears to be no connection between any of the parties and the State of Michigan.

Having granted Plaintiff's motion to proceed *in forma pauperis* (*see* ECF No. 4), the Court has conducted an initial review of the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court

concludes that plaintiff's complaint must be dismissed for, among other things, lack of venue.[1]  Plaintiff's claims against the Juvenile Court must also be dismissed for lack of subject matter jurisdiction.

Venue refers to "the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a).  It is a creature of statute.  As relevant to this case, venue properly lies in any of the following judicial districts: (1) one in which "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) one in which "a substantial part of the events or omissions giving rise to the claim occurred"; and (3) any district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Plaintiff's residency is determined by the jurisdiction in which he is domiciled.  *See* 28 U.S.C. § 1391(c)(1).  Defendants' are deemed residents in any judicial district in which they are subject to the court's personal jurisdiction.  There is nothing in the pleadings in this case to suggest that the Minnesota Juvenile Court or the Minnesota CPS are subject to this Court's personal jurisdiction.  *Cf. Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011) (addressing the requirements for personal jurisdiction).

It is evident that this Court is not the proper venue in which to bring this action.  Accordingly,  I recommend that it be dismissed.  *See* 28 U.S.C. § 1406(a).

---

[1] It appears that this Court lacks personal jurisdiction over the defendants, but inasmuch as it can be waived, *see, e.g., Ku v. Tennessee*, 322 F.3d 431, 433 (6th Cir. 2003), it will not be addressed here.

Moreover, to the extent plaintiff's complaint challenges the decisions of the St. Paul, Minnesota, Juvenile Court, this Court lacks subject-matter jurisdiction.[2]  The *Rooker-Feldman* doctrine, which is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a),[3] precludes review by lower federal courts of state-court judgments.  *See Kovacic v. Cuyahoga County Dep't of Children & Family Services*, 606 F.3d 301, 309 (6th Cir. 2010).  Congress enacted the provisions in Section 1257(a) to prohibit end-runs around state-court judgments that might occur when parties go to federal court seeking review of a state-court decision.  To accomplish this, the statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari. . . ."  28 U.S.C. § 1257(a).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine, stating that it "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).  Following *Exxon*, the Sixth Circuit held that the pertinent inquiry is the "source of the injury" upon which the plaintiff bases his federal claim.  *McCormick v. Braverman*, 451 F.3d

---

[2]Subject-matter jurisdiction "may never be waived and may always be reached by the court *sua sponte*." *Rauch III v. Day and Night Manufacturing Corp.*, 576 F.2d 697, 699 (6th Cir. 1978).

[3]*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

382, 393 (6th Cir. 2006).  "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If  there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."  *Id.*

A fair reading of plaintiff's complaint reveals that his claim against the Juvenile Court falls squarely within the *Rooker-Feldman* doctrine, as he alleges as the source of his injury the lack of a fair trial and the state judge's violations of the law.  (*See* ECF No. 1, PageID.1).  Accordingly, I recommend that plaintiff's claim against the Juvenile Court be dismissed for want of subject-matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that plaintiff's complaint be dismissed with prejudice.

Date:  November 28, 2016             /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).